No. 2915

Second Circuit

---

LEVY SONS CO.

v.

HACKER & FIFE, ET AL

---

(May 13, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Attachment—Par. 20, 24.

To sustain an attachment on the ground of fraudulent intent on the part of the defendant such intent must be made to appear or facts and circumstances must be shown from which it may reasonably be inferred.

Lumber Co. vs. Manufacturing Co., 29 La. Ann. 72.

Abel & Co. vs. Duffy, 106 La. 260, 30 South. 833.

Fidelity & Deposit Co. vs. Johnston, 117 La. 880, 42 South. 357.

Appeal from the Seventh Judicial District Court of Louisiana, Parish of Concordia. Hon. R. M. Taliaferro, Judge.

Action by Julius Levy Sons Company against Hacker & Fife, et als.

There was judgment for defendant and ·plaintiff appealed.

Judgment affirmed.

Dale, Dale & Dale, of Vidalia, attorneys ·for plaintiff, appellant.

G. P. Bullis, of Vidalia, attorney for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit, Julius Levy Sons Company, a corporation, against Hacker & Fife, a commercial partnership, and the individual members thereof, Samuel Hacker and R. M. Fife, to recover judgment on an open account for $117.40.

By supplemental petition a writ of attachment was obtained against R. M. Fife on the ground that he had disposed of or was about to dispose of his property with intent to defraud his creditors and that he was about to leave the state permanently.

The defendant, Fife, filed a motion to dissolve the attachment on the grounds that the affidavit on which it was obtained was false and untrue; and he asked for damages as for illegal seizure.

Plaintiff excepted to the motion to dissolve, insofar as it claimed damages for illegal seizure, on the ground that such claim was premature.

On trial of the motion the attachment was dissolved but no damages were allowed. The plaintiff has appealed.

## OPINION

The grounds urged by plaintiff in support of the correctness of the issuance of the writ of attachment are that the defendant, R. M. Fife, was about to leave the state permanently and that he had disposed of his property with intent to defraud his creditors.

In support of the first contention plaintiff introduced the testimony of Leon Noriz and Mrs. L. G. Dale.

The former testified:

"Q. Did Mr. Fife tell you, shortly after the difficulty Mr. Fife had with Mr. Hacker and about the time of the filing of the suit for dissolution of the partnership, in front of A. Mayer & Company's store in Ferriday, La., that he was going to leave?
"A. He did."

And the latter testified:

"Q. About noon on December 9, 1926, at the home of Mr. Fife, in Ferriday, La., did he tell you he was going to leave Ferriday?
"A. He did."

These declarations are in no sense equivalent to expression of an intention to leave the state.

The defendant, Fife, testified that he had no intention of leaving the state and had never said that he was going to leave it.

As to the second ground for attachment, that defendant Fife had disposed of his property with intent to defraud his creditors, in support of this charge plaintiff relies on a sale made by the defendant Fife to his partner Hacker of his interest in the partnership property and which sale was evidenced by a written agreement as follows:

"Vidalia, La., December 8, 1926.
"I hereby sell, transfer and deliver to Samuel Hacker all of my right, title and interest in, and to all of the partnership assets of the former partnership firm of Hacker & Fife, and especially the stock of merchandise of the store formerly occupied by this firm in the Cosmopolitan Hotel Building on Fourth Street in Ferriday, Louisiana. The price and consideration of this sale is three hundred dollars ($300.00) cash paid to me by Samuel Hacker and the agreement of Samuel

Hacker to assume and pay all of the debts of the former firm of Hacker & Fife, which is now dissolved.

"Witness:
"J. C. DAVIS.
"G. P. BULLIS.
                    "R. M. FIFE.
                        Accepted:
                    "SAMUEL HACKER."

This instrument shows that the defendant, Fife, had no intent to defraud and that he made provision for payment of the debt due plaintiff.

Besides, as the other member of the partnership, Hacker, was bound in solido with defendant, Fife, for plaintiff's debt, the transfer left the property as much subject to seizure and sale for plaintiff's debt as it was before the sale.

But plaintiff insists that because the dedefendant, Fife, deposited the $300.00 that he received from Hacker for the sale in bank in the name and to the credit of his wife, this shows intention to defraud.

We cannot concur in this view.

The bank in which the money was deposited was under the management and control of the attorneys for plaintiff in this suit, and it is not reasonable to suppose that the defendant Fife, would have put the money in a bank under the control of plaintiff's attorneys if he had any design to defraud.

The defendant, Fife, asks us to allow him damages for wrongful attachment. This we are powerless to do. He has not appealed from the judgment of the District Court nor has he made any answer in this court to plaintiff's appeal. Hence the judgment as to him cannot be changed.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be affirmed.